UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ERIC JENKINS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No.: 3:23-CV-34-CEA-JEM |
| STEPHEN CRUMP, *et al.*, | ) |
| Defendants. | ) |

**ORDER AND REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Motion and Declaration in Support of Request to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 [Docs. 1 & 5][1] and his Complaint for Violation of Civil Rights [Doc. 2]. For the reasons more fully stated below, the Court **GRANTS** his motion [**Doc. 1**], and the Court will therefore allow Plaintiff to file his Complaint without the prepayment of costs. The Court **RECOMMENDS** that the District Judge **DISMISS** the Complaint.

**I.    DETERMINATION ABOUT THE FILING FEE**

Plaintiff has filed a motion [Doc. 1] and the Declaration in Support of Request to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 ("Declaration") [Doc. 5] with the required detailing of his financial condition, including his Prisoner Account Statement Certificate ("Certificate") as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2) [Doc. 5 p. 4]. Plaintiff attests that he is not able to afford the filing fee, and his Certificate shows that his average balance in his inmate account for the last six months was $154.01. The Declaration

---

[1]   Plaintiff originally filed a state court form, "Uniform Civil Affidavit of Indigency" [Doc. 1]. The Court entered an Order directing Plaintiff to pay the filing fee or submit the necessary paperwork pursuant to the Prison Litigation Reform Act of 1996 [*See* Doc. 4]. Plaintiff has now filed the correct paperwork regarding his request to proceed as a pauper [Doc. 5].

1

and Certificate show that Plaintiff has little income and no assets and is unable to prepay such fees. Accordingly, the Court **GRANTS** Plaintiff's motion [**Doc. 1**].

Because Plaintiff is an inmate in the West Tennessee State Penitentiary, however, he is **ASSESSED** the civil filing fee of $350.00. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) & (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Court **DIRECTS** the Clerk to send a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA relating to payment of the filing fee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Court **DIRECTS** the Clerk to file the Complaint in this case without the prepayment of costs and fees. The Clerk **SHALL NOT**, however, issue process at this time.

II.     RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are

2

against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Complaint

Plaintiff names Bradley County District Attorneys Stephen Crump and April Romero as Defendants in this case [Doc. 2 p. 4]. Plaintiff alleges that on October 31, 2022, Defendants used an incorrect criminal background to enhance his sentence [*Id*. at 5, 6]. Plaintiff asserts that Exhibit A to the Complaint [*id*. at 14–16] is Plaintiff's actual criminal background [*id*. at 5], whereas Exhibit B [*id*. at 9–13] is the criminal background used against him [*id.* at 5]. According to Plaintiff, this error "is the purpose of this lawsuit" [*Id*. at 5]. Plaintiff alleges violations of 42 U.S.C. § 1983 and Article I, § 8 of the Tennessee Constitution.[2] He seeks only actual monetary, compensatory, and punitive damages in excess of $750,000 in total [*Id*.].

---

[2] According to Plaintiff, "Article I, § 8 of the Tennessee Constitution provides for fair and impartial proceedings relevant to punishment in criminal proceedings" [Doc. 2 p. 5]. Whether Article I, § 8 or another provision of the Constitution of the State of Tennessee provides for fair an impartial proceedings relevant to punishment in criminal proceedings, it would not change the undersigned's analysis below.

3

B.  **Screening of the Complaint**

The Court finds Plaintiff's § 1983 claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87 (footnote omitted). In other words, "[a] claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487. In deciding whether an action is barred by *Heck*, the Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* If so, the action is barred, unless the conviction or sentence has been invalidated. *Id.*

Plaintiff alleges that Defendants used an incorrect criminal background to enhance his sentence. He says that this alleged error "is the purpose of this lawsuit" [*see* Doc. 2. p. 5]. Any judgment in this case in Plaintiff's favor will necessarily imply the invalidity of his sentence. And there are no allegations that his sentence has otherwise been invalidated. The Court therefore finds that the action is barred by *Heck*. *See Avery v. Byrd*, No. 3:20-CV-00872, 2020 WL 6712166, at *1 (M.D. Tenn. Nov. 16, 2020) ("The Sixth Circuit also routinely affirms *Heck* dismissals at the initial screening stage . . . ." (citing *Sinkovitz v. Wallace*, No. 18-4205, 2019 WL 2403229, at *1 (6th Cir. Mar. 19, 2019))).

Plaintiff also alleges violation of the Tennessee Constitution [*See supra* p. 3 n.2]. Given that there are no viable federal claims, the Court does not have jurisdiction over alleged violations

of the Tennessee Constitution.³ Federal courts have jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. But the Court has determined that Plaintiff fails to state a claim under § 1983, and a claim for violations of the Tennessee Constitution does not "arise[ ] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Ford v. Tennessee Senate*, No. 06-2031-BV, 2007 WL 5659414, at *10 (W.D. Tenn. Aug. 15, 2007) (noting that the "district court lacked jurisdiction over the plaintiffs' Tennessee constitutional violation claims"), *report and recommendation adopted in part*, No. 2:06-CV-2031, 2008 WL 4724371 (W.D. Tenn. Oct. 24, 2008). The Court further finds that diversity jurisdiction does not exist here. *See* 28 U.S.C. § 1332(a)(1) (explaining that federal courts have jurisdiction when there is diversity of citizenship, meaning the parties are "citizens of different states").

### C.     Amending the Complaint

The Court has considered whether Plaintiff should be allowed to amend his Complaint. But an amendment would not cure the defects described above because Plaintiff's claims are barred as a matter of law.

### III.    CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion [**Doc. 1**]. Because Plaintiff is a prisoner, he is **ASSESSED** the civil filing fee of $350.00 as provided above. However,

---

³       Even if the Court could exercise jurisdiction, the undersigned notes that "Tennessee courts, and federal courts interpreting Tennessee law, have repeatedly and consistently held that there is not a private right of action for damages based on alleged violations of the Tennessee Constitution." *Bunch v. Claiborne Cnty.*, No. 3:15-CV-454, 2016 WL 3232915, at *3 (E.D. Tenn. Apr. 5, 2016) (collecting cases and granting the defendants' motion for judgment on the pleadings on the plaintiff's claims for damages based on the defendants' alleged violations of the Tennessee Constitution).

no process shall issue until the District Judge has ruled upon this Report and Recommendation,[4] because the undersigned **RECOMMENDS**[5] that the Complaint [Doc. 2] be **DISMISSED** in its entirety.

Should the District Judge disagree with this recommendation and determine that the Complaint should proceed beyond the initial screening phase, the undersigned **RECOMMENDS** that it be **TRANSFERRED** to the Chattanooga division given that the claims arose out of events that occurred in Bradley County, Tennessee. *See McCurry v. Senior Judge Thomas Wright*, No. 3:23-cv-90-TAV-JEM [Doc. 10] (E.D. Tenn. Mar. 20, 2023) (transferring the Complaint to the Greeneville division because the claims arose out of events occurring in Washington County, Tennessee).

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[4] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).